UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARKIL JOHNSON,

                      Plaintiff,

    -against-

TIMOTHY HABLE, Superintendent MICHAEL McGINNIS,
M. CHORNEY, R. LOVEJOY, J. MARSHALL,
Sgt. JOHN OSBORNE, Nurse AGGIE PETERS,
Sgt. FRANKLIN RAUB, J. PAGE, M. BOULAS,
P. BYRINGTON, K. HOUSTTER,

                      Defendants

COMPLAINT

JURY TRIAL
DEMAND

**05 CV 0451**

---

### Preliminary Statement

This is a civil rights action filed by Arkil Johnson, a State prisoner, for compensatory damages and also suiting the Defendants in their individual capacity, as well as Attorney fees and punitive damages under 42 U.S.C. 1983, alleging excessive use of force and the denial of medical attention in violation of the Constitution Eighth Amendment.

### Jurisdiction

(1) The Court has jurisdiction over the Plaintiff's Claims of violation of Federal Constitutional rights under 42 U.S.C. 1331 (A) and 1343.

(2) Parties

The Plaintiff Arkil Johnson, was incarcerated at Southport Correctional Facility during the events described in this complaint.

(3) Defendant Timothy Hable, M. Chorney, R. Lovejoy, J. Marshall are Correctional Officers employed at Southport. They are sued in their individual capacities.

(4) Defendant Superintendent Michael McGinnis is the Superintendent of Security at Southport Defendant McGinnis is also in charge of supervision and discipline of all Correctional Staff at Southport. He is sued in his individual capacity.

(5) Defendant Sgt. John Osborne is a Correctional Sergeant employed at Southport. He is sued in his individual capacity.

(6) Defendant Aggie Peters is part of Medical Staff at Southport and is responsible for ensuring the provision of Medical Care to prisoners, when a prisoner needs specialized treatment or evaluation. She is sued in her individual and official capacities

(7) Defendant Franklin Raub is a Correctional Sergeant employed at Southport. He is sued in his individual capacity.

(8) Defendant J. Page is a Correctional Officer employed at Southport. He is sued in his individual capacity.

(9) Defendant M. Boulas is a Correctional Officer employed at Southport. He is sued in his individual capacity.

(10) Defendant P. Byrington is a Correctional Officer employed at Southport. He is sued in his individual capacity.

(11) Defendant K. Houstter is a Correctional Officer employed at Southport. He is sued in his individual capacity.

(12) All Defendants have acted and continue to act, under color of State law at all times relevant to this complaint.

(13) **FACTS**

On Nov 2, 02 the Plaintiff was assaulted while going to rec. by the Defendants Timothy Hable, M. Chorney, R. Lovejoy, J. Marshall, Sgt. John Osborne, Sgt. Franklin Raub, J. Page, M. Boulas, P. Byrington, K. Houstter, who are employed at Southport Correctional Facility.

(14) On Nov. 2, 02 Timothy Hable and R. Lovejoy at about 12:37 P.M. both Defendants came to the Plaintiff's cell door and asked him was he going to rec to which Plaintiff reply was yes.

(15) Defendants Timothy Hable and Defendant R. Lovejoy were applying handcuffs on Plaintiff on the date of Nov. 2, 02 when the cell gate opened Plaintiff was suddenly attached by Defendants Timothy Hable and Defendant R. Lovejoy.

## Misuse Of Force

(16) Shortly after Defendants Timothy Hable, and R. Lovejoy began their assault on Plaintiff, Defendants M. Chorney, J. Marshall, Sgt. John Osborne, Sgt. Franklin Raub, J. Page, M. Boulas, P. Byrington, K. Houstter entered Plaintiff's cell and assisted with the assault on plaintiff.

(17) Plaintiff states that at no time was he resisting, Plaintiff states that he was fully cooperating when Defendant Sgt. Franklin Raub ordered other Defendants to go get the leg irons so they could be applied around Plaintiff's ankle.

(18) While Plaintiff was lying on the Floor an unidentified prison guard applied leg iron on Plaintiff and Defendant K. Houstter and Defendant M. Chorney lifted Plaintiff up on the bed at which time Plaintiff seen a sharp object in Defendant Timothy Hable's hand. He then grabbed Plaintiff by his hair and cut him across the baseline of the forehead, which Plaintiff needed four stitches to secure.

(19) Plaintiff states use of force was not justified in no manner, the excessiveness of force proves that the Defendant were acting in a malicious and sadistic manner.

(20) Plaintiff states that he had wrote a grievance and complaint on Defendant Hable the first time Plaintiff was assaulted by Defendant and other prison guards on Sept 7, 02 and forward complaint to the Superintendent Office which Defendant McGinnis did not respond to at all nor took responsive action.

(21) During this assault Plaintiff received numerous bruises and abrasions and scratches on the left lower leg and right lower leg from the leg iron being tight, scratches of the left wrist and right wrist due to handcuffs on wrist extremely tight Southport Facility nurse Aggie Peters did not note any of these abrasions or scratches in the medical book / or log book. Plaintiff also received a cut on the baseline of forward which was committed by prison guard Timothy Hable Plaintiff went to outside hospital St. Joseph's and received four sutures to close the wound which was admitted to the baseline of forehead.

(22) During these events Defendant Sgt. John Osborne, and Defendant Sgt. Franklin Raub were on the scene at the time Plaintiff was being assaulted by Southport Prison Guards and stood by while the assault was taking place on the Plaintiff, and did nothing to intervene.

(23) During these events, the Plaintiff did not resist or threaten the prison guards on no shape, form or fashion, or break any prison rules.

(24) Defendant Timothy Hable and Defendant J. Marshall along with Defendant M. Chorney have repeatedly engaged in excessive force against inmates in the past.

(25) After the above recount of assault against the Plaintiff he was then taken to the prison infirmary where a gauze was placed on Plaintiff's forehead while he awaited transportation to go on outside trip to St. Joseph where he received for sutures to close wound which was admitted to the baseline of forehead.

(26) The Plaintiff was then taken by Ambulance to the emergency part of St. Joseph Hospital where four sutures were applied to the baseline of Plaintiff forehead.

(27) <u>Claim For Relief</u>

The actions of Defendants Hable, Chorney, Lovejoy, Marshall, Osborne, Raub, Page, Boulas, Byrington, Houstter, using deadly physical force against Plaintiff without need or provoking or in failing to intervene to prevent the misuse of force, was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

(1) The physical abuse of the Plaintiff by Defendants Timothy Hable, M. Chorney, R. Lovejoy, J. Marshall, violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an Assault and Battery under State Law.

(2) Defendant Sgt. John Osborne's failure to take action to curb the physical abuse of prison guards violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an Assault and Battery under State Law.

(3) Defendant Michael McGinnis failed to take actions against said Defendants who partook in the Assault against Plaintiff in Nov. 2, 02 Defendant McGinnis failed to accommodate ~~Defendant~~ Plaintiff from future aggressions from the above mention ~~Plaintiff~~ Defendants.

(4) Defendant nurse Aggie Peters actions in failing to describe Plaintiff's injuries on paper narrated a violation of Plaintiff's rights under the Eighth Amendment to the United States Constitution.

[5] (1) Issue an injunction ordering the above mention Defendants from working around Plaintiff and committing retaliating actions against Plaintiff.

(2) Issue an injunction ordering Defendant McGinnis on the order of transferring Plaintiff to another Facility because Plaintiff have been threaten by Southport Prison personnel in the past.

D. Award compensatory damages in the following amounts:
(1) $200,000 jointly and severally against Defendants Timothy Hable, M. Chorney, R. Lovejoy, J. Marshall, Sgt. John Osborne for the physical and emotional injuries sustained as a result of the Plaintiff's beating.

(2) $20,000 jointly and severely against Defendants Sgt. Raub for not intervening in plaintiff's beating while Plaintiff was shackled in mechanical restraints, $20,000 against Defendant McGinnis for failure to advise and reprimand or severally penalize the Defendants in the above matter when Plaintiff who have wrote several letters to Defendant McGinnis Office the first time Plaintiff was assaulted by Defendant Hable regarding future attacks that were made verbally by Defendant Hable.

-9-

(3) $60,000 severally against Defendant Aggie Peters for the physical and emotional injury resulting from her failure to provide adequate medical care to the Plaintiff.

E. Award punitive damages in the following amounts:

1. $30,000 each against Defendant's Houstter, Boulas, Byrington, Hable, Lovejoy.

2. $15,000 each against Defendants Sgt. Raub and McGinnis.

3. $25,000 against Defendant Peters.

F. Also such other relief as it may appear that Plaintiff is entitled.

DATE: June 15, 2005

Respectfully submitted,

*Arkil Johnson 96A-4462*
Arkil Johnson 96 A 4462
Southport Correctional Fac.
P.O. Box 2000
Pine City, New York 14871-2000