UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

ARKIL JOHNSON,

                                Plaintiff,

v.

SUPERINTENDENT TIMOTHY HABLE, et al.

                                Defendants.

───────────────────────────────────────────

**DECISION AND ORDER**

05-CV-00451(A)(M)

       This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [22].[1] Before me is plaintiff's motion for relief from the parties' confidentiality stipulation [101]. For the following reasons, plaintiff's motion is granted.

**BACKGROUND**

       Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against defendants, employees of the New York State Department of Correctional Services ("DOCS"), alleging that he was subjected to excessive force on November 2, 2002. Complaint [1]. On September 30, 2008, Judge Arcara adopted my Report and Recommendation denying defendants' motion for summary judgment [80].

       Thereafter, attorneys Benjamin Ahlstrom, Stephen Kelkenberg and Reetuparna Dutta of the firm of Hodgson Russ LLP appeared as counsel for plaintiff [81, 85, 86]. In March 2009 the parties executed a confidentiality stipulation ("stipulation") [110, Ex. A], limiting the use of "confidential information".

---

[1]     Bracketed references are to the CM/ECF docket entries.

Paragraph 1 of the stipulation provides that "any and all documents or materials produced from the files of the New York State Department of Correctional Services ('DOCS') that are provided to Plaintiff's counsel stamped or otherwise designated by defendants as 'Confidential' shall be treated as Confidential Information and not disclosed, except to the extent provided in this Stipulation". However, paragraph 8 states that "nothing herein shall impose any restrictions on the use or disclosure of Confidential Information obtained independently of the discovery proceedings".

After the stipulation was executed, defendants produced a redacted copy of DOCS' employee manual to plaintiff's attorneys. Cadle declaration [11], ¶4. Although plaintiff's attorneys assert that plaintiff "did not receive the Employees' Manual from his counsel in this matter" (Dutta declaration [113-2], ¶5), at a visit with plaintiff on January 13, 2010 he "showed [them] what *purported* to be a complete handwritten copy of the Employees' Manual". Id., ¶4 (emphasis added). Plaintiff alleges that he recently obtained "a complete and unredacted copy" of the manual "from a third-party whom I do not wish to identify out of fear for his or her well-being". Plaintiff's declaration [103], ¶¶3, 4. He maintains that his "attorneys were not involved in or aware of this event until I informed them after it occurred". Id., ¶5.

In bringing this motion, plaintiff argues that he should be free to discuss the contents of the manual with his attorneys because it does not fall within the definition of "Confidential Information" under the stipulation or, in the alternative, that its disclosure should be allowed under the "frustration of purpose" doctrine. Plaintiff's memorandum of law [101-2], Points I and II.

In opposing the motion, defendants note that "neither Plaintiff, nor Plaintiff's counsel has identified from where Plaintiff obtained the copy of the manual and whether it is a current or accurate copy". Bly affidavit [111], ¶37. Defendants argue that disclosure of "specific details of the . . . Manual provisions will compromise prison safety and security", and state that "if Plaintiff obtained an unredacted version, Plaintiff is in direct violation of prison rules, and is in possession of contraband". Id., ¶¶34, 36.

**ANALYSIS**

Turning to plaintiff's alternative argument first, I do not believe that the "frustration of purpose" doctrine applies in this case. That doctrine does not excuse a party's performance where "the events in question were reasonably foreseeable". Sage Realty Corp. v. Jugobanka, D.D., 1998 WL 702272, *4 (S.D.N.Y. 1998). Here, paragraph 8 of the stipulation specifically contemplated the possibility that otherwise confidential information might be "obtained independently of the discovery proceedings", and stated that the use of such information would not be restricted by the stipulation.

However, for that same reason I conclude that the handwritten version of the manual, which plaintiff obtained from a third party, is not covered by the stipulation. Accordingly, the stipulation does not prohibit plaintiff and his attorneys from discussing the contents of the handwritten version with his attorneys.[2]

---

[2] As it is not clear from the record whether the handwritten version is in fact identical to the official version which plaintiff's attorneys received from DOCS, this decision should not be interpreted as authorizing them to discuss or share with him the contents of the official version.

Although DOCS argues that plaintiff's possession of the handwritten version is "in direct violation of prison rules" (Bly affidavit, ¶36), it fails to identify those rules, nor has it moved for relief on its own. Therefore, this decision is limited to determining the effect of the stipulation in this case; [3] whether there may be another ground for limiting discussions between plaintiff and his attorneys is not before me at this time.

**CONCLUSION**

For these reasons, plaintiff's motion [101] is granted. The parties are directed to contact Judge Arcara's chambers to schedule a trial date.

Unless otherwise ordered by Judge Arcara, any objections to this Decision and Order must be filed with the clerk of this court by March 26, 2010 (applying the time frames set forth in Fed. R. Civ. P. 6(a)(1)(C), 6(d), and 72(a)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

---

[3] *Compare with* the confidentiality order in Lugosch v. Congel, 2006 WL 931687, *45 (N.D.N.Y. 2006), which expressly provided that "such restrictions and obligations shall not be deemed to prohibit discussion with any person of "Confidential" material if said person already has or obtains *legitimate possession* thereof, without restrictions which would independently prohibit such discussion." (emphasis added).

The parties are reminded that, pursuant to Rule 72.3(a)(2) of the Local Rules of Civil Procedure for the Western District of New York, "[t]he specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to the law shall be clearly set out." Failure to comply with the provisions of Rule 72.3(a)(2), may result in the district judge's refusal to consider the objection.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: March 9, 2010